IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DERRICK W.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:20-cv-00055 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Derrick W. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) The Commissioner moved for summary judgment (Dkt. Nos. 21), the plaintiff filed a brief in support of the entry of summary judgment (Dkt. No. 16), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On February 17, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 23.) Plaintiff filed objections on March 3, 2022. (Dkt. No. 24.) The Commissioner responded to the objections on March 7, 2022. (Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

I. BACKGROUND[2]

Plaintiff filed for Disability Insurance Benefits (DIB) in June 2018, alleging disability due to chronic pain, cervical stenosis, and degenerative disc disease. His alleged onset date was later amended to January 27, 2018. At forty-three years old, plaintiff was considered a "younger person" under the regulations on his alleged onset date.

The administrative law judge (ALJ) found that plaintiff's degenerative disc disease of the cervical and lumbar spine and degenerative joint disease of the left shoulder were severe impairments, but they did not meet or medically equal a listed impairment. The ALJ then proceeded to determine that between the alleged onset date and January 23, 2019, plaintiff had the residual functional capacity (RFC) to perform light work, except for the following:

> Standing/walking 4 hours in an 8-hour workday; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders/ropes/scaffolds; no reaching overhead with the left upper extremity; frequently handle and finger; occasional pushing/pulling with bilateral upper and lower extremities; occasional exposure to vibrations; and occasional exposure to hazardous conditions, including unprotected heights and moving machinery.

(Tr. 28.) On January 24, 2019, plaintiff's RFC was lowered to sedentary with the same restrictions and the addition of using a cane for ambulation. (*Id.* at 30.)

Based on this RFC, the ALJ found that plaintiff could not perform his past relevant work as a poultry worker or warehouse worker, but he could perform certain light and sedentary unskilled occupations, such as mail routing clerk, final assembler, and surveillance monitory,

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–8.)

that offered a significant number of jobs in the national economy. Thus, plaintiff was not disabled from January 27, 2018, through September 18, 2019.

## II. DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error

3

in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

## B.  Objections to the R&R

Plaintiff's sole argument on appeal is that the ALJ's RFC is unsupported by substantial evidence because she relied on the stale opinions of the state agency consultants and crafted the RFC out of "whole cloth." (Dkt. No. 16 at 1, 11.) Plaintiff repeats the same argument in his objection to the magistrate judge's R&R. (Dkt. No. 24.) It is not necessary for the court to

address the exact same arguments raised before and thoroughly addressed by the magistrate judge.  The court will, however, note the following.

As the magistrate judge observed, "because state agency review always precedes ALJ review, there is always some time lapse between the [DDS] consultants' reports and the ALJ's hearing and decision.  The Social Security regulations impose no limit on how much time may pass between a [DDS] report and the ALJ's decision in reliance on it."  (R&R 11.)  The state agency RFC assessment by Dr. David Bristow was made in November 2018, and the ALJ rendered her decision in September 2019.  The ALJ acknowledged additional MRIs and x-rays, but she explained why the new evidence would not change the outcome on listed impairments.  The ALJ then formulated her RFC by relying on all the relevant evidence in the record.  Plaintiff states that the magistrate judge afforded the ALJ "absolute deference," but this is simply not the case.

Plaintiff also faults the ALJ for "playing doctor" and interpreting evidence she was not qualified to interpret.  He states that the evidence received after state agency review more than likely would have altered the opinions of the state agency consultants.  Plaintiff does not explain how this would be the case.  "Notably, Derrick does not identify which part(s) of the DDS opinions 'more than likely' would change in his favor—let alone entitle him to disability benefits—if a medical expert reviewed his MRIs and X-rays from 2019."  (R&R 7.)

III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 23) is ADOPTED;

5

2. Plaintiff's objections (Dkt. No. 24) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 21) is GRANTED; and

4. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

*/s/ Elizabeth K. Dillon*
    Elizabeth K. Dillon
    United States District Judge